UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RILEY, CDCR #E-48875,<br><br>Plaintiff,<br><br>vs.<br><br>VIZCARRA, Correctional Officer; ALVAREZ, Correctional Officer; LUNA, Correctional Lieutenant,<br><br>Defendants. | Case No.: 3:18-cv-02911-JAH-BLM<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND RENEWED REQUEST TO PROCEED IN FORMA PAUPERIS**<br>**[ECF Nos. 4, 7]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

SHANNON RILEY ("Plaintiff"), currently incarcerated at North Kern State Prison in Delano, California, and proceeding pro se, filed a Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983, on December 31, 2018. (*See* Compl., ECF No. 1.)

Plaintiff claims Richard J. Donovan Correctional Facility ("RJD") officials Vizcarra, Alvarez, and Luna violated his First, Eighth, and Fourteenth Amendment rights

in February and March 2018, while he was incarcerated there. (*Id.* at 1-2, 10-14.) Plaintiff alleges to have exhausted his administrative remedies prior to filing suit, he seeks general and punitive damages and to expunge a Rules Violation Report ("RVR"), and his Complaint is verified under penalty of perjury pursuant to 28 U.S.C. § 1746. (*Id.* at 6-7, 10, 14-16.)

I.  **Procedural History**

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he submitted his Complaint, but instead filed Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). On January 11, 2019, the Court denied Plaintiff's Motion to Proceed IFP because he failed to attach certified copies of his prison trust account statements as required by 28 U.S.C. § 1915(a)(2), but granted him 45 days leave in which to correct that deficiency. (ECF No. 3 at 3-4.)

On January 29, 2019, Plaintiff filed a Prison Certificate together with a copy of his CDCR Inmate Trust Account Statement Report in response to the Court's January 11, 2019 Order (ECF No. 4). On February 25, 2019, Plaintiff filed an ex parte "Motion for Relief from Judgment" requesting that the Court consider the trust account statements he has since submitted, and grant his renewed request to proceed IFP. (*See* ECF No. 7 at 2-3.)

II. **Motion for Relief from Judgment and Renewed Request to Proceed IFP**

As Plaintiff now knows, to institute a civil action, he must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite his failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews*, 493 F.3d at 1051; *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

However, because he is a prisoner, even if he is granted leave to proceed IFP, Plaintiff remains obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In response to the Court's January 11, 2019 Order, Plaintiff submitted a Prison Certificate issued by a trust account official at CSP-Sacramento, where he was incarcerated at the time, as well as copies of his CDCR Inmate Statement Report attesting to his trust account activity and balances for the 6-month period preceding the filing of his Complaint. *See* ECF No. 4 at 2-6; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff carried a $73.42 average monthly balance, averaged $152.50 in monthly deposits to his account, and had an available balance of $55.76 on the books at the time of filing. *See* ECF No. 4 at 2, 4. Based on this accounting, the Court **GRANTS** Plaintiff's Motion for Relief from Judgment (ECF No. 7) to the extent it requests that his "IFP be granted," *see id.* at 2, and assesses his initial partial filing fee to be $30.50 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Acting Secretary of the CDCR, or his designee, to collect the initial $30.50 fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## III. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Allegations</u>

Plaintiff claims to suffer from a right wrist injury requiring use of a brace, and has chronic pain in his back due to a herniated disc. (*See* Compl., ECF No. 1 at 18.) As a result, has a "waist chain chrono" prohibiting prison officials from hand-cuffing him behind his back. (*Id.*) At some point on or before February 19, 2018, Plaintiff alleges Officer Vizcarra "gassed" him[2] and subjected him to "substantial pain without cause" by placing him in the "non-contact booth hand-cuffed behind his back for over an hour." (*Id.* at 14, 18.)

///

---

[2] Plaintiff does not provide any further details surrounding the "gassing" incident, but the Court presumes it involves Vizcarra's use of tear gas or OC spray since Plaintiff invokes the Eight Amendment's prohibition of cruel and unusual punishment. (*See* Compl., ECF No. 1 at 10, 14.) "It is generally recognized that 'it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain.'" *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013) (citations omitted).

On or around February 19, 2018, Plaintiff filed an Inmate Appeal, Log #RJD-X-18-1074, charging Vizcarra with gassing and battery. (*Id.* at 10.) After he filed this complaint, Plaintiff contends Vizcarra "initiate[d] some form of confrontation with [him]" "practically every time [he] received a visit from his girlfriend." (*Id.* at 17.) Every interaction "resulted in Plaintiff being forced to remove his clothing and 'stripping out.'" (*Id.*) Plaintiff claims this made him "feel extremely uncomfortable" and "felt like sexual harassment." (*Id.*)

On or around March 11, 2018, Correctional Officer Alvarez, Vizcarra's "co-worker," charged Plaintiff with possession of alcohol in the Facility A Visiting area via a Rules Violation Report ("RVR"), Log #4632134. (*Id.* at 11.) Vizcarra also filed a "supplemental" RVR. (*Id.*) Plaintiff contends he filed a complaint against Vizcarra "regarding the sequence of events that occurred on March 11, 2018," and alleging "acts of retaliation and sexual harassment," and another complaint on or around April 6, 2018, charging Vizcarra with "slander." (*Id.* at 11, 19 & Ex. B at 23-25.)

Finally, on or about May 13, 2018, Plaintiff claims Lt. Luna presided over the RVR Log #463214 hearing, and violated his right to due process by "coaching Officer Alvarez what to say," rejecting or ignoring his efforts to present a defense, and failing to specify evidence supported his findings of guilt. (*Id.* at 11-13.)

Based on these allegations, the Court finds Plaintiff's Complaint contains "sufficient factual matter, accepted as true," to state claims for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Hudson v. McMillian*, 503 U.S. 1, 5, (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (citing *Hudson*, 503 U.S. at 7); *Rhodes v.*

*Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

Therefore, the Court will direct the U.S. Marshal to effect service of the summons and Plaintiff's Complaint on his behalf.[3] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## IV. Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion for Relief from Judgment and Renewed Request to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 4, 7).

2. **ORDERS** the Acting Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $30.50 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

---

[3] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Acting Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, certified copies of his Complaint, and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP Package.

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the Defendants are required to respond).

7. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every

8

3:18-cv-02911-JAH-BLM

original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: March 15, 2019

Hon. John A. Houston
United States District Judge