# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RILEY,<br><br>         Plaintiff,<br><br>v.<br><br>VIZCARRA, et al.,<br><br>         Defendants. | Case No.: 3:18-cv-2911-JAH-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY**<br><br>**[ECF No. 34]** |

  Before the Court is Plaintiff Shannon Riley's ("Plaintiff") Motion to Stay Proceedings. ECF No. 34. Plaintiff requests that proceedings in this case be stayed for two months or until July 1, 2020, whichever is sooner. *Id*. at 2. Plaintiff anticipates being transferred to the Los Angeles County Jail regarding an evidentiary hearing in a related criminal case. *Id*. at 1. Since he does not know how long the Los Angeles proceedings will last, Plaintiff represents to the Court that he believes he will not be able to effectively litigate or adequately respond to any motions Defendants may file in the instant case. *Id*. at 2.

  A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v.*

1

*North American Co.*, 299 U.S. 248, 254 (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. However, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708; *see also Roberts v. Beard*, No. 15cv104-WQH-PCL, 2017 U.S. Dist. LEXIS 113388, at *5–*6 (S.D. Cal. July 19, 2017) (denying motion to stay filed by an inmate-plaintiff in a 42 U.S.C. § 1983 action because he did not show sufficient good cause); *Turner v. San Diego Cent. Jail*, No. 13cv1133-WQH-BGS, 2013 U.S. Dist. LEXIS 165901, at *4–*6 (S.D. Cal. Nov. 19, 2013) (denying motion to stay filed by an inmate-plaintiff in a 42 U.S.C. § 1983 action because he did not meet "his burden of showing that a stay of this action is necessary").

Here, Defendants filed a Motion to Dismiss on February 10, 2020. ECF No. 28. In response to Plaintiff's request for an extension, the Court set an amended briefing schedule in the matter, requiring that Plaintiff file his opposition brief by April 3, 2020 and Defendants file their reply brief by April 13, 2020. ECF No. 31. Plaintiff timely filed his opposition brief on March 9, 2020. ECF No. 32. No sur-replies were permitted. In light of the pending motion to dismiss, there is no scheduling order in this case, and discovery has not yet begun. Thus, Plaintiff's worry that he will not be able to "effectively litigate and/or adequately respond to any motions the court or the defendants may file" does not establish good cause. The Court is in receipt of Plaintiff's opposition brief, and, until the motion to dismiss is decided by the Court, there is nothing that Plaintiff needs to do at this time with regard to the instant case. Therefore, Plaintiff's Motion to Stay is **DENIED without prejudice**. The Court will reconsider Plaintiff's request *should additional filings be required*—however, to be clear, nothing is due at this time or in the near future.

It is unclear from Plaintiff's motion whether he is being permanently transferred to the Los Angeles County Jail, or whether he is being transferred there solely to attend the evidentiary hearing. *See* ECF No. 34 at 3. Should the transfer be long-term or permanent,

the Court points Plaintiff to this district's Local Civil Rule 83.11, which requires that a "party proceeding pro se must keep the court and opposing parties advised as to current address." CivLR 83.11(b). Plaintiff is reminded of his responsibility to help the court, and, should he be transferred long-term or permanently, he must file a Notice of Change of Address.

**IT IS SO ORDERED**.

Dated: April 13, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge