UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RILEY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>VIZCARRA,<br><br>　　　　　　　　Defendant. | Case No.: 3:18-cv-2911-JAH-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[ECF No. 43] |

Before the Court is Plaintiff Shannon Riley's ("Plaintiff") Motion for Appointment of Counsel. ECF No. 43. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil complaint pursuant to 42 U.S.C. § 1983 relating to incidents that occurred while incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. ECF No. 24. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## I.   BACKGROUND

Plaintiff initiated this action by filing a complaint on December 31, 2018, naming as Defendants RJD Correctional Officers Vizcarra, Alvarez, and Luna. ECF No. 1.

Defendants' motion to dismiss the original Complaint was denied as moot after Plaintiff filed his First Amended Complaint on July 1, 2019. ECF Nos. 13, 17, 18. Defendants' motion to dismiss the First Amended Complaint was granted on December 3, 2019. ECF No. 23. The Court dismissed certain claims and notified Plaintiff of the defects of pleading as to the dismissed claims, granting leave to amend. *Id*. at 16.

Plaintiff filed his Second Amended Complaint, the operative pleading in this action, on January 13, 2020. ECF No. 24. Defendants moved to dismiss all claims from the Second Amended Complaint except the First and Eighth Amendment claims against Defendant Vizcarra arising from a March 18, 2018 incident.[1] ECF No. 28. Plaintiff opposed the motion. ECF No. 32. The Court dismissed all claims in Plaintiff's Second Amended Complaint, except the First and Eighth Amendment claims against Defendant Vizcarra arising from the March 18, 2018 incident. ECF No. 37.

On July 2, 2020, Defendant filed an Answer to the surviving claims in Plaintiff's Second Amended Complaint. ECF No. 38. On July 7, 2020, the Court issued its Scheduling Order regulating discovery and other pre-trial proceedings. ECF No. 39. Plaintiff filed the instant motion for appointment of counsel shortly thereafter, on July 13, 2020. ECF No. 43. This Order follows.

## II.   LEGAL STANDARD

There is no constitutional right to appointment of counsel in a civil case, unless an indigent litigant's physical liberty is at stake. *Lassiter v. Dep't. of Soc. Servs.*, 452 U.S. 18,

---

[1] Plaintiff alleges Defendant Vizcarra violated his Eighth Amendment rights during a March 18, 2018 incident in which he used excessive force, was deliberately indifferent to Plaintiff's medical condition by handcuffing him with his hands behind his back, and placed him in danger of assault by other inmates. ECF No. 1 at 10–14 (reiterated by ECF No. 24 at 16). Plaintiff alleged his First Amendment right to petition for the redress of grievances was violated by Defendant Vizcarra because he took the March 18, 2018 actions in retaliation for a complaint Plaintiff filed about an earlier incident, and because Defendant Vizcarra falsely charged him with possession of alcohol in retaliation for that complaint. *Id*.

25 (1981); *see, e.g.*, *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (collecting cases to show that it is "well-established that there is generally no constitutional right to counsel in civil cases"). Additionally, there is no constitutional right to a court-appointed attorney in cases filed by inmates arising under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see, e.g.*, *Thornton v. Schwarzenegger*, No. 10cv1583-BTM-RBB, 2011 WL 90320, at *1 (S.D. Cal. Jan. 11, 2011).

Nevertheless, courts have discretion to request legal representation for "any person unable to afford counsel." *See* 28 U.S.C. § 1915(e)(1); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Courts have required that plaintiffs demonstrate they are indigent and that they have made a reasonably diligent effort to secure counsel before they are eligible for an appointed attorney. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (extending the "reasonably diligent effort" standard used in *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981) to requests made pursuant to 28 U.S.C. § 1915); *see, e.g.*, *Verble v. United States*, No. 07cv0472 BEN-BLM, 2008 WL 2156327, at *2 (S.D. Cal. May 22, 2008).

But even after a plaintiff satisfies the two initial requirements of indigence and a diligent attempt to obtain counsel, "he is entitled to appointment of counsel only if he can [also] show exceptional circumstances." *Bailey*, 835 F. Supp. at 552 (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)). Finding exceptional circumstances entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn*, 789 F.2d at 1331); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

### III. DISCUSSION

First, the Court examines the threshold requirements that Plaintiff is indigent and has made a reasonably diligent effort to secure counsel. Here, the Court acknowledged Plaintiff's indigence when it granted Plaintiff's motion to proceed *in forma pauperis*. ECF

No. 9 at 3–4. However, Plaintiff does not include any information in his motion about whether he has attempted to secure counsel on his own.[2] Requiring that litigants "make a reasonably diligent effort to secure counsel before asking the court to appoint counsel for them . . . is 'not [to] suggest that a plaintiff should be required to exhaust the legal directory before a court could appoint him an attorney. [H]owever, a person's diligence in attempting to obtain a lawyer to assist him may properly be considered by the district court in assessing the justness of the application for counsel.'" *Moore v. Raught*, No. 07-03836-VBF-JPR, 2014 WL 1795138, at *7 (C.D. Cal. Mar. 17, 2014) (brackets in original) (quoting *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). Here, "Plaintiff's lack of funds alone does not demonstrate that efforts to secure counsel necessarily would be futile." *Vera v. Gipson*, No. 13cv870-AWI-MJS-PC, 2014 WL 807051, at *5 (E.D. Cal. Feb. 28, 2014).

Though Plaintiff did not satisfy a threshold requirement, for completeness, the Court will proceed to the next step of the analysis to determine whether Plaintiff can show exceptional circumstances justifying court-appointed counsel by examining the likelihood of Plaintiff succeeding on the merits and his ability to proceed without counsel. *See, e.g.*, *Moore*, 2014 WL 1795138, at *4–*8 (examining plaintiff's likelihood of success on the merits and ability to articulate his claims *pro se*, even though he did "not provide[] evidence documenting any efforts he made to secure counsel before filing the instant motion"); *Verble*, 2008 WL 2156327, at *2 (examining whether plaintiff demonstrated exceptional circumstances, while acknowledging that "[Plaintiff]'s request for appointment of counsel should be denied because he has failed to show that he made a reasonably diligent effort to secure counsel.")

/ /

---

[2] Plaintiff notes that he has "had to seek assistance from fellow prisoners, who appeared to have some knowledge of law[.]" ECF No. 43 at 5. However, this statement alone does not show that Plaintiff diligently attempted to secure counsel.

4

### A.     Likelihood of Success on the Merits

"A plaintiff that provides no evidence of his likelihood for success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14cv2911-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016). Here, Plaintiff has not offered evidence in his motion suggesting that he is likely to succeed on the merits.[3] Additionally, there is little before the Court regarding the merits of Plaintiff's case, other than assertions in the operative complaint.[4] Thus, at this early stage of the case,[5] when the parties have not yet engaged in discovery and proffered evidence to the Court in support of their claims and defenses, the Court cannot find that Plaintiff is likely to succeed on the merits. *See Garcia v. Smith*, No. 10cv1187-AJB-RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel even though plaintiff had survived a motion to dismiss, because it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment); *see, e.g., Arellano v. Blahnik*, No. 16cv2412-CAB-RNB, 2018 WL 4599697, at *2 n.1 (S.D. Cal. Sept. 25, 2018) (denying motion for appointment of counsel because "[a]lthough plaintiff's [] claim survived defendant's motion to dismiss, it is still too early to determine the likelihood of

---

[3] The Court notes that Plaintiff refers to his "meritorious proceeding" (*see* ECF No. 43 at 5), however, this statement on its own is not enough to prove that he is likely to succeed on the merits.

[4] That certain claims in Plaintiff's amended complaint survived the Court's screening process (ECF No. 9) and Defendants' motion to dismiss (ECF No. 37) does not demonstrate that Plaintiff is likely to succeed at trial. *McGinnis v. Ramos*, No. 15cv2812-JLS-JLB, 2017 U.S. Dist. LEXIS 58507, at *6–*7 (S.D. Cal. Apr. 17, 2017) ("The Rule 12(b)(6) standard tests not whether a plaintiff will ultimately prevail on his alleged claim but whether he is entitled to offer evidence to support his claim. [] Thus, the Court's screening process and Defendant's motion to dismiss did not test the merits of Plaintiff's claim but rather only whether Plaintiff adequately stated a claim that could potentially have merit.") (internal citation omitted).

[5] The Court issued its Scheduling Order regulating discovery and other pre-trial proceedings on July 7, 2020. ECF No. 39.

success on the merits."); *Arellano v. Hodge*, No. 14cv590-JLS-JLB, 2017 WL 1711086, at *4 (S.D. Cal. May 3, 2017) (denying motion for appointment of counsel when discovery had recently begun after fourth amended complaint, because it was too early to determine whether any of plaintiff's claims would succeed on the merits). Therefore, Plaintiff fails to satisfy the first "exceptional circumstances" factor that would support his motion for appointment of counsel.

### B. Ability to Articulate Claims *Pro Se*

As to the second factor, Plaintiff cites barriers to successfully articulating his claims, including: limited access to the law library, complex issues requiring significant discovery, and limited knowledge of the law. ECF No. 43 at 1–3. However, Plaintiff fails to demonstrate an inability to represent himself beyond the ordinary burdens encountered by incarcerated plaintiffs representing themselves *pro se*.

First, limited access to the law library and unfamiliarity with the law are circumstances common to most incarcerated plaintiffs and do not establish exceptional circumstances. *See, e.g.*, *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education); *Fletcher v. Quin*, No. 15cv2156-GPC-NLS, 2018 WL 840174, at * 3 (S.D. Cal. Feb. 13, 2018) (same); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel"). Plaintiff has not shown he faces barriers conducting legal research beyond those ordinarily experienced by *pro se* plaintiffs.

Specifically, Plaintiff raises the issue that the law library is rarely open as a result of COVID-19, due to staff shortages and state mandated social-distancing. ECF No. 43 at 2, 5. However, courts in this circuit have declined to find that the COVID-19 pandemic establishes exceptional circumstances. *See, e.g.*, *Pitts v. Washington*, No. C18-526-RSL-MLP, 2020 WL 2850564, at *1 (W.D. Wash. June 2, 2020) (denying motion for

appointment of counsel because, "[a]lthough Plaintiff contends he is unable to access the law library because of social distancing, this bare assertion does not justify the appointment of counsel at this time, nor does the COVID-19 pandemic."); *Faultry v. Saechao*, No. 18cv1850-KJM-AC-P, 2020 WL 2561596, at *2 (E.D. Cal. May 19, 2020) (denying motion for appointment of counsel and explaining that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel. . . . The impacts of the COVID-19 health crisis on prison operations are also common to all prisoners.").

Second, the need for research, investigation, and discovery is common to most litigation and does not automatically qualify the issues in a case as complex. *See Wilborn*, 789 F.2d at 1331; *McGinnis*, 2017 U.S. Dist. LEXIS 58507, at *7–*8 (same); *Miller v. LaMontagne*, No. 10cv702-WQH-BGS, 2012 WL 1666735, at *1–*2 (S.D. Cal. May 11, 2012) (concluding that plaintiff's arguments "that this case will involve research and investigation are not based on the complexity of the legal issues involved, but rather on the general difficulty of litigating *pro se*"); *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (holding that while a *pro se* inmate might fare better with counsel during discovery, this is not the test for determining whether to appoint counsel); *Peterson v. Anderson*, No. CV09-21-GF-SHE, 2009 WL 4506542, at *3 (D. Mont. Dec. 2, 2009) ("Although Plaintiff contends he is not in a position to litigate this matter, pro se litigants are rarely in a position to research and investigate facts easily. This alone does not deem a case complex."); *cf. Eusse v. Vitela*, No. 13cv916-BEN-NLS, 2015 WL 4404865, at *2 (S.D. Cal. July 16, 2015) ("Plaintiff asks the Court to appoint counsel because his case requires discovery, he is currently incarcerated and is unable to investigate the facts, and he has limited access to the library. [] However, the need for discovery or difficulties developing the factual record do not constitute the type of 'exceptional circumstances' required for appointment of counsel."). It is true that courts have recognized that incarcerated, *pro se* litigants would potentially be "better served with the assistance of counsel." *Eusse*, 2015 WL 4404865, at *2 (internal quotations omitted). However, whether

a litigant would have fared better with counsel is not the test for appointment of counsel. *Thornton*, 2010 WL 3910446, at *5. The discovery concerns Plaintiff raises in his motion "do not present 'exceptional circumstances,' but rather illustrate the difficulties any prisoner would have litigating *pro se*." *Eusse*, 2015 WL 4404865, at *2.

Third, Plaintiff's lack of legal training, limited education, and difficulty understanding legal standards and reasoning also do not establish exceptional circumstances. *See McGinnis*, 2017 U.S. Dist. LEXIS 58507, at *7–*8 (finding that, though plaintiff argued "he is a layman with no legal experience and training and who is confused by complex legal reasoning and about his responsibilities in the case, . . . these burdens are common to most prisoners representing themselves *pro se* and do not establish the exceptional circumstances that would support the appointment of counsel"); *cf. Torbert*, 2016 WL 1399230, at *1–*2 (denying motion for appointment of counsel when the plaintiff argued that the legal issues were outside of his scope of understanding because of his eighth grade education).

In the instant case, Plaintiff has demonstrated the ability to articulate his position, conduct legal research, and comprehend this Court's instructions. *See, e.g.*, *Griffin v. Zurbano*, No. 16cv2715-JLS-WVG, 2017 U.S. Dist. LEXIS 132636, at *3 (S.D. Cal. Aug. 18, 2017) (denying motion for appointment of counsel and noting that "Plaintiff's lack of education in the law and 10th-grade education level have not prevented him from filing very cogent and well-organized documents"). Here, Plaintiff has ably represented himself thus far by filing his amended complaint and opposition to Defendant's motion to dismiss. *See* ECF Nos. 24, 30. Moreover, Plaintiff's present motion shows that he is able to write very well and perform legal research. *See* ECF No. 43. Plaintiff has also shown a good grasp of litigation procedure thus far, seeking a stay in light of his pending transfer to another facility, and timely seeking an extension to file his opposition to Defendants' motion to dismiss when the deadline was approaching and Plaintiff had not yet received a copy of Defendant's motion. *See* ECF Nos. 30, 34. Such circumstances do not indicate to the Court that appointment of counsel is necessary at this time.

As to Plaintiff's specific contention that he lacks the ability to articulate his claims *pro se* because he had to seek assistance from fellow inmates due to his limited education and lack of legal knowledge, the Court notes that, "[w]ith the assistance of other inmates, plaintiff has continued to capably pursue this case. Although the undersigned recognizes that these efforts do not reflect plaintiff's personal capacity to articulate his claims pro se, they do reflect plaintiff's resourcefulness in locating capable assistance." *Snowden v. Yule*, No. 17cv2167-TLN-AC-P, 2020 WL 2539229, at *2 (E.D. Cal. May 19, 2020); *Reyes v. Brown*, No. 16cv84-JLS-BLM, 2016 U.S. Dist. LEXIS 104301, at *1–*3, *3 n.2 (S.D. Cal. Aug. 8, 2016) (denying motion for appointment of counsel and finding that plaintiff was able to articulate his claims even though he relied on another inmate for assistance in drafting his pleadings); *see, e.g.*, *Williams v. Kernan*, No. 18cv1833-WQH-MSB, 2019 WL 1099842, at *2 (S.D. Cal. Mar. 8, 2019) (collecting cases and finding that inmate's "reliance on another inmate for assistance in drafting his Petition does not warrant a different outcome [i.e., appointment of counsel]").

The Court does not doubt that Plaintiff, like most *pro se* litigants, finds it difficult to articulate his claims and would be better served with the assistance of counsel. It is for this reason that in the absence of counsel, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that the pleadings of a *pro se* inmate must be held to less stringent standards than formal pleadings drafted by lawyers). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, as long as a *pro se* litigant is able to articulate his claim, as Plaintiff is here, the second "exceptional circumstances" factor that might support the appointment of counsel is not met.

## IV. CONCLUSION

Although Plaintiff is indigent, he failed to show that he made reasonable efforts to obtain counsel or that exceptional circumstances require appointment of counsel. Thus, the

Court **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 43) **without prejudice**.[6]

**IT IS SO ORDERED.**

Dated: July 28, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[6] Plaintiff notes in his motion that counsel would be essential to assist him prepare for trial. *See* ECF No. 43 at 3. That issue is raised prematurely. This case is still in its very early stages and trial is not on the horizon. Because Plaintiff's motion is denied without prejudice to refiling, Plaintiff is free to seek appointment of counsel again in the future and may raise such arguments at that time, if applicable.