|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | SOUTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| SHANNON RILEY,<br><br>            Plaintiff,<br><br>v.<br><br>VIZCARRA,<br><br>            Defendant. | Case No.: 3:18-cv-2911-JAH-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR TELEPHONIC CONFERENCE, and**<br><br>**(2) SETTING TELEPHONIC SETTLEMENT CONFERENCE**<br><br>**[ECF No. 53]** |

Before the Court is Plaintiff Shannon Riley's ("Plaintiff") Motion for Telephonic Conference. ECF No. 53. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil complaint pursuant to 42 U.S.C. § 1983 relating to incidents that occurred while incarcerated at Richard J. Donovan Correctional Facility in San Diego, California. ECF No. 24. In the instant motion, Plaintiff requests (1) a telephonic status conference regarding discovery and (2) the opportunity for settlement negotiations. ECF No. 53 at 1–2. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.

## I. BACKGROUND

Plaintiff filed his Second Amended Complaint, the operative pleading in this action, on January 13, 2020. ECF No. 24. Defendants moved to dismiss certain claims from the Second Amended Complaint, which Plaintiff opposed. ECF Nos. 28, 32. The Court dismissed all claims in Plaintiff's Second Amended Complaint, except the First and Eighth Amendment claims against Defendant Vizcarra arising from a March 18, 2018 incident. ECF No. 37. On July 2, 2020, Defendant filed an Answer to the surviving claims in Plaintiff's Second Amended Complaint. ECF No. 38. Accordingly, on July 7, 2020, the Court issued its Scheduling Order regulating discovery and other pre-trial proceedings. ECF No. 39. In its Scheduling Order, the Court explained that:

> All fact discovery shall be completed by all parties by January 11, 2021. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court. The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. <u>If the parties reach an impasse on any discovery issue, Defendant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute</u>. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. <u>No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference</u>, unless the movant has obtained leave of Court. All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard[.]

ECF No. 39 at 2 (emphasis modified). This Order follows.

## II. DISCUSSION

In Plaintiff's instant motion, he requests a telephonic conference regarding discovery, and the opportunity to "reach a speedier resolution." ECF No. 53 at 1–2. The Court will address these in turn.

### A. Discovery Teleconference

Plaintiff correctly notes that the Court issued its Scheduling Order in July, which stated that fact discovery must be completed by January 11, 2021. ECF 53 at 1; *see* ECF No. 39 at 2. However, Plaintiff's contention that "almost three months have since passed and this court has yet to hold said telephonic conference[,]" which indicates a belief that discovery is predicated on a telephonic conference, is misinformed. *Compare* ECF 53 at 1 *with* ECF No. 39 at 2. The pre-motion teleconference is required before filing a discovery dispute motion, not before propounding discovery requests—i.e., the Court does require that the parties alert the Court to any discovery disputes via teleconference before filing any motion, but the Court does not require the parties alert the Court when conducting routine discovery. ECF No. 39 at 2. Here, Plaintiff has not represented to the Court that there are any discovery disputes at issue, and thus the Court **DENIES** his request for a discovery dispute teleconference without prejudice to refiling should a dispute arise. **The Court reiterates that a telephonic conference is not needed before conducting discovery; the parties are, and have been, free to propound discovery requests to each other in accordance with the Federal Rules of Civil Procedure.**

### B. Opportunity to Discuss Settlement

Plaintiff also requests an opportunity to discuss settlement, and notes that he "is willing to forego discovery in an effort to possibly reach a speedier resolution." ECF No. 53 at 2. Before issuing its Scheduling Order, the Court did not conduct an Early Neutral Evaluation or Case Management Conference in this case, pursuant to Civil Local Rule 16.1(e). ECF No. 39 at 1. Given Plaintiff's representations in his motion, upon a review of the current status of the case, and good cause appearing, the Court, in its discretion, has determined that a telephonic settlement conference is appropriate at this stage of the case.

Therefore, Plaintiff's request for a telephonic settlement conference is **GRANTED**, and the Court **SETS** a Settlement Conference for **December 11, 2020** at **9:30 a.m.** before the Honorable Allison H. Goddard. To facilitate the conference, the Court **ORDERS** as follows:

1. For Settlement Conferences, the Court customarily requires personal attendance of all parties, party representatives, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation. However, since Plaintiff is incarcerated in a penal institution, and due to the current COVID-19 public emergency,[1] both sides may appear for the Settlement Conference **telephonically** rather than in person. Therefore, **all named parties, party representatives, including claims adjusters for insured defendants, as well as principal attorney(s) responsible for the litigation must attend via teleconference.** All who attend the conference must be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be subject to immediate imposition of sanctions.

---

[1] On March 23, 2020, Chief Judge Larry A. Burns amended his original Order in response to the COVID-19 public emergency, which, among other things, excuses personal appearance of counsel and parties at civil court proceedings and notes that judges retain discretion to hold civil proceedings telephonically. *See* CJO #18-A at ¶ 4B. His original order, CJO #18, is available on the Court website at https://www.casd.uscourts.gov/_assets/pdf/rules/Order%20of%20the%20Chief%20Judge%2018.pdf. His amended order, CJO #18-A, which amends paragraph four of CJO #18, is available on the Court website at https://www.casd.uscourts.gov/_assets/pdf/rules/Order%20of%20the%20Chief%20Judge%2018-a.pdf. These orders were extended until mid-November by CJO #47, which is available on the Court website at https://www.casd.uscourts.gov/_assets/pdf/rules/Order%20of%20the%20Chief%20Judge%2047%20-%20Proceedings%20During%20the%20Covid-19%20Public%20Emergency.pdf.

2. Although the Court has tentatively reserved the date and time with the North Kern State Prison, counsel for Defendant must contact the correctional facility to make any further arrangements necessary to ensure Plaintiff's appearance by telephone.

3. The Court authorizes both parties to call the chambers teleconference line at **1-877-873-8018** and use **8367902** as the access code on the day of the conference.

4. Full settlement authority is required. A party or party representative with **full and complete authority to enter into a binding settlement** must be present at the Settlement Conference. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id*. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). **A person who needs to call another person who is not present before agreeing to any settlement does not have full authority.**

5. Defendant's counsel must provide Plaintiff with its mailing address by **October 29, 2020**.

6. Plaintiff must serve on Defendant a **written** settlement proposal, to the mailing address provided, which must include a specific demand amount, no later than **November 9, 2020**. Defendant must respond to Plaintiff **in writing** with a specific offer amount by **November 20, 2020**. The parties **should not file** or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. The Court waives its meet and confer requirement for this settlement conference.

7. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **December 3, 2020**. Defendant's Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Plaintiff's Statement may be mailed to:

**Chambers of Magistrate Judge Allison H. Goddard**
**221 West Broadway, Suite 3142**
**San Diego, California 92101**

The substance of the Settlement Conference Statement must comply fully with the Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf and attached to this Order for Plaintiff's convenience).

8. Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **December 3, 2020**. Defendant's Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Plaintiff may mail his Letter to the address provided above. Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with the Judge Goddard's Mandatory Settlement Conference Rules (located at the link above and attached to this Order for Plaintiff's convenience).

9. All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard (attached hereto), except as explicitly modified by this Order.

//
//
//
//
//
//

1 | **III.    CONCLUSION**

2 | For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN**
3 | **PART** Plaintiff's motion (ECF No. 53) as follows:
4 | 1.    The Court denies Plaintiff's request for a discovery dispute teleconference
5 | without prejudice to refiling should a dispute arise.
6 | 2.    The Court grants Plaintiff's request for an opportunity to settle his case, and
7 | sets a telephonic Settlement Conference for **December 11, 2020** at **9:30 a.m.** before the
8 | Honorable Allison H. Goddard.

10 | **IT IS SO ORDERED.**
11 | Dated: October 26, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge

# ATTACHMENTS:

## CIVIL PRETRIAL PROCEDURES ("CHAMBERS RULES") FOR MAGISTRATE JUDGE ALLISON H. GODDARD

and

## MANDATORY SETTLEMENT CONFERENCE REQUIREMENTS FOR MAGISTRATE JUDGE ALLISON H. GODDARD

# CIVIL PRETRIAL PROCEDURES ("CHAMBERS RULES") FOR MAGISTRATE JUDGE ALLISON H. GODDARD

The Court provides this information for general guidance to counsel and litigants. The Court may modify these procedures as appropriate in any case upon request or on its own.

**Civility and Professionalism.** All counsel who appear before the Court must review CivLR 2.1 and, at all times, act in compliance with the Code of Conduct set forth in that rule.

**Communications with Chambers.** Letters, faxes, and emails to chambers are prohibited unless specifically requested by the Court. Telephone calls to chambers are permitted only for non-substantive matters such as scheduling and calendaring. Court personnel are prohibited from giving legal advice or discussing the merits of a case.

**Early Neutral Evaluation Conferences.** The Court will schedule an ENE at the outset of the case, typically after all parties have answered. The ENE is informal and confidential. Counsel must carefully review the order scheduling the ENE for more information, including directions regarding briefing and requirements for personal attendance by the parties.

**Case Management Conferences**. The Court typically conducts the CMC required under Fed. R. Civ. P. 16 and CivLR 16.1 immediately following the ENE if no settlement is reached. Prior to the initial CMC, the parties must lodge a Joint CMC Statement with the Court at efile_goddard@casd.uscourts.gov that complies with the Court's Requirements for Joint Case Management Statements (https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Joint%20Case%20Management%20Statement%20Rules.pdf). The Court may schedule additional status conferences following the initial CMC. The parties are not required to file a joint report in advance of a status conference unless specifically ordered by the Court.

**Scheduling Order**. The Court will issue a Scheduling Order following the CMC. Modification of the Scheduling Order requires the approval of the Court, which will only be granted on a showing of good cause.

**Telephonic Appearances**. Attorneys located outside the Southern District of California may only appear by telephone with leave of Court, which will not be granted absent a showing of good cause. An attorney appearing telephonically at a hearing may only listen to the hearing and may not present argument by telephone.

**Motions to Seal**. There is a presumptive right of public access to court records based upon

common law and the First Amendment. The Court will scrutinize any request to file information under seal, and a request will only be granted if a specific showing is made that justifies sealing. Generic and vague references to "competitive harm" will almost always be insufficient to justify sealing.

**Joint Motions**. Any administrative request to the Court (i.e., extension of time, continuance of ENE, etc.) should be made to the Court by joint motion. If only one party is making the request and the other party or parties do not oppose, they should indicate that in the joint motion. If the other party or parties oppose the request, they should set forth their position in the joint motion. *Ex parte* applications are disfavored, and any unopposed request should be filed as a joint motion rather than an *ex parte* application. Counsel who force an *ex parte* application by refusing to participate in the filing of a joint motion will be subject to sanctions.

**Requests for Continuances**. All requests for continuances must be made by a joint motion no less than seven calendar days before the affected date. The request must state:
- The original deadline or date;
- The number of previous requests for continuances;
- A showing of good cause for the request;
- Whether the request is opposed and why;
- Whether the requested continuance will affect other case management dates; and
- A declaration from the counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met.
- Should the parties request a continuance based on the plan to pursue private mediation, in addition to the joint motion outlined above, the parties shall also lodge (not file) a Joint Mediation Plan via email at efile_goddard@casd.uscourts.gov on the same date they filed the joint motion. The joint plan must state:
    A. The firm date of mediation;
    B. The identity of the mediator;
    C. A complete list of informal discovery the parties agree to exchange before mediation; and
    D. A firm deadline by which the parties will exchange the informal discovery.

**Discovery Disputes**. The parties must meet and confer in an attempt to resolve any discovery disputes before contacting the Court. After meet and confer attempts have failed, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the

telephonic conference; (2) a *neutral* statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email.

No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. The Court may strike any discovery motion that is filed without complying with this process.

This process does not apply where a party is in custody and is proceeding *pro se*. In that case, counsel may contact chambers by telephone to obtain a hearing date on a noticed discovery motion.

If a dispute arises during the course of a deposition, counsel must meet and confer prior to seeking any ruling from the Court. After meet and confer attempts have failed, counsel may call chambers to seek a ruling. If the Court is unable to review the matter at that moment, counsel should proceed with the deposition in other areas of inquiry and the Court will respond as soon as practicable.

**Deadline to Raise Discovery Disputes With the Court**. The parties must bring any discovery dispute to the Court's attention (either by email or filing a motion as outlined above) no later than 45 days after either (1) the date of service of the written discovery response that is in dispute; or (2) the date that the portion of the deposition transcript in dispute is completed. Failure to meet this deadline will bar a party from filing a corresponding discovery motion. The parties must file a joint motion demonstrating good cause if they seek to extend this deadline. The parties cannot extend this deadline by any agreement that is not approved by the Court.

**Stipulated Protective Orders**. Any protective order submitted for the Court's signature must contain the following two provisions:

1. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, they must contact the chambers of the judge who will rule on the application to notify the Court that an opposition to the application will be filed.

2. The Court may modify the protective order *sua sponte* in the interests of justice or for public policy reasons.

The Court recommends that the stipulated protective order contain a provision regarding the disposition of confidential or sealed documents and information after the case is closed.

All stipulated protective orders must be filed as a joint motion. The parties must email a copy of the proposed order in Word format to efile_goddard@casd.uscourts.gov.

**Notice of Settlement**. If the parties reach a settlement, counsel must promptly file a Notice of Settlement or an appropriate Motion to Dismiss. If a scheduled date with the Court is imminent, counsel must also contact chambers to advise of the settlement. Once a Notice of Settlement is filed, the Court will schedule a telephonic Settlement Disposition Conference, which will be taken off calendar once the case has been dismissed.

# MANDATORY SETTLEMENT CONFERENCE REQUIREMENTS FOR MAGISTRATE JUDGE ALLISON H. GODDARD

1. **Discovery**: Counsel shall ensure that any discovery necessary to evaluate the case for settlement purposes is completed by the date of the Settlement Conference. Counsel shall cooperate in providing discovery informally and expeditiously.

2. **Plaintiff Must Make a Formal Settlement Proposal**: No later than 21 days before the conference, the plaintiff must serve on the defendant a written settlement proposal, which must include a specific demand amount. The defendant must respond to the plaintiff in writing with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.

3. **Who Must Attend**: Lead trial counsel shall appear at the conference with the parties. Any party who is not a natural person shall be represented by the person(s) with full authority to negotiate a settlement. An insured party shall appear with a representative of the carrier with full authority to negotiate up to the limits of coverage. A person who needs to call another person who is not present before agreeing to any settlement does not have full authority. Personal attendance of a party is mandatory and will only be excused upon a written request that is timely under the circumstances and demonstrates extraordinary hardship.

4. **Meet and Confer Requirement**: Counsel for the parties must meet and confer (in person or by phone, not by email) to discuss the following matters no later than 14 days before the Settlement Conference:

    A. Who will attend the conference on behalf of each party, including counsel, client representatives with full authority to make final decisions regarding any settlement offer, and any insurance representatives.

    B. Identification of any persons or entities, such as a board of directors, who must approve a proposed settlement agreement before it can be executed, as well as the nature and duration of any such approval process.

    C. Insurance coverage available to cover all or part of the claimed losses or to fund all or part of any party's defense, and status of any tenders for coverage.

5. **Settlement Conference Statements and Confidential Settlement Letters**: Each

party shall prepare a Settlement Conference Statement that will be exchanged with the other parties. Each party may also prepare an optional Confidential Settlement Letter that will be for the Court's review only. Both the Statement and the Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed), and must be received no later than 10 calendar days prior to the conference. The Settlement Conference Statement must be served on opposing counsel.

6.  **Contents of Settlement Conference Statement**: The Settlement Conference Statement shall not exceed 10 pages of text and 20 pages of exhibits. Exhibits must be bookmarked within the .pdf file. The Settlement Conference Statement shall include the following:

    A.  <u>Substance of the Suit</u>

        i.   A brief statement of the facts of the case.

        ii.  The claims and defenses, including the statutory or other grounds upon which the claims are founded.

        iii. A summary of the proceedings to date, including a list of the motions previously made, their dispositions, and any pending motions.

        iv.  A statement of facts not reasonably in dispute.

        v.   A list of the key facts in dispute and the specific evidence relevant to a determination of those facts.

        vi.  Any discrete issue that, if resolved, would facilitate the resolution of the case.

        vii. A brief statement of the issues of law with respect to liability and damages. The statement must be supported by legal authority, but extended legal argument is not necessary.

    B.  <u>Relief Sought</u>. A statement of the relief sought, including an itemization of damages and any other non-monetary relief.

    C.  <u>Settlement Discussions/Proposal and Response</u>. Except to the extent prohibited by applicable rules of privilege, describe the history and status of any settlement negotiations.

7. **Additional Settlement Information**: The parties must submit the additional information below either in the Settlement Conference Statement or the Confidential Settlement Letter. The Confidential Settlement Letter may not exceed 5 pages of text.

    A.    <u>Settlement Analysis</u>:

        i.    For each principal claim and defense, a forthright evaluation of the strengths, weaknesses, likelihood of prevailing, and key legal authorities.

        ii.    The party's perspective regarding why parties' assessments of the settlement value of the case differ.

    B.    <u>Litigation Costs</u>: A statement of litigation costs and attorney fees incurred to date, as well as the estimated costs, fees, and time projected for further discovery, pretrial proceedings, and trial. If a party seeks attorney fees and costs, that party shall provide the legal basis for the claim and sufficient information to evaluate the amount of fees claimed.

    C.    <u>Other Information</u>: Include any other information that might be pertinent to settlement, including the following:

        i.    What needs of your client must be met for the parties to reach a settlement?

        ii.    What needs of the opposing party must be met to reach a settlement?

        iii.    A description of the main obstacles (factual, legal, or other) to reaching agreement, and what might be done to solve them.

        iv.    Do you have enough information to discuss settlement and, if not, what additional information is needed?

        v.    What are the consequences to each side if no settlement is reached?

    D.    A realistic settlement figure or terms that, given all the circumstances, the party submitting the Confidential Settlement Letter would consider

seriously.

E.   Where the party is insured or is a governmental entity, any foreseeable barriers to insurance coverage or approval of a proposed settlement, or special concerns that the insurer or governmental entity might want addressed.

**8.   Further Settlement Conferences:**

A.   <u>Updated Statements</u>: Unless explicitly relieved of this requirement, the parties shall lodge updated Settlement Conference Statements 10 days prior to the further Settlement Conference, in accordance with Sections 6 and 7, to inform the Court of the status of the action and any developments that have occurred since the last Settlement Conference.

B.   <u>Confidential Settlement Letters</u>: The parties may also lodge updated Confidential Settlement Letters in accordance with Section 7.

**9.   Notification of Settlement**: If the case settles prior to the Settlement Conference, the parties shall immediately file a notice of settlement and notify Judge Goddard's chambers at efile_goddard@casd.uscourts.gov.

**10.   Confidentiality:** Parties are encouraged to discuss their case in a respectful and candid manner. To facilitate this, any statements made during the conference will not be admissible at trial.